IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michelle Lipinski, # 93354-509,<br><br>Petitioner,<br><br>v.<br><br>Warden, FCI Estill,<br><br>Respondent. | C/A No. 1:26-cv-279-JFA-SVH<br><br><br>**MEMORANDUM OPINION AND ORDER** |

## I.    INTRODUCTION

Michelle Lipinski, ("Petitioner"), proceeding pro se, filed this petition pursuant to 28 U.S.C. § 2241 against the warden of Federal Correctional Institution ("FCI") Estill ("Respondent"), alleging she has been subjected to "unconstitutional conduct, sexual abuse, deliberate indifference to medical and psychological harm, and the complete denial of access to PREA and administrative remedies." (ECF No. 1, p. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the Petition, (ECF No. 1), the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 6). Within the Report, the Magistrate Judge opines that this matter should be summarily dismissed because a § 2241 petition is not permitted under these facts, and the Court should decline

to construe the Petition as a complaint for violation of PREA or one that asserts a *Bivens*[1]

claim. The Report sets forth, in detail, the relevant facts and standards of law on this matter,

and this Court incorporates those facts and standards without a recitation. (ECF No. 6).

Plaintiff filed objections to the Report. (ECF No. 9). This matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district

court is only required to conduct a *de novo* review of the specific portions of the Magistrate

Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P.

72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In

the absence of specific objections to portions of the Magistrate's Report, this Court is not

required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718

F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the

Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those

issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM*

*Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

---

[1]  *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397, 392 (1971)

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing herself, these standards must be applied while liberally construing her filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 6). In short, Petitioner alleges that following visitation, Correctional Officers Pipkins and Horton forced her to remove her tampon. (ECF No. 1, p. 2). She claims that this required her to "expose intimate body areas" and was done without "lawful penological purpose," "medical necessity," "medical justification," "emergency," or consent and outside the

presence of qualified medical personnel. *Id.* Petitioner indicates she attempted to report the abuse and seek protection through the Prison Rape Elimination Act ("PREA") reporting process and was told that she could not file a report. *Id.* at 2. Further, she states she sought Psychologist Minson's assistance in filing a PREA report, but he failed to assist her. *Id.* at 3.

The Magistrate Judge recommended this matter be summarily dismissed because while Petitioner indicates she is bringing a petition pursuant to 28 U.S.C. § 2241 because she is challenging the unconstitutional manner in which her sentence is being executed, the claims asserted challenge the conditions of her prison life, not the fact or length of her custody. (ECF No. 6, p. 4) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973)). Further, the Report suggests that this Court decline to construe the petition as a complaint under PREA because PREA does not provide a private right of action. Finally, the Report recommends that this Court decline to construe the petition as a *Bivens* claim due to the difference in required filing fees and because even if the claim were brought as a *Bivens* claim, Petitioner has failed to state claims under the Fourth, Fifth, and Eighth Amendments. (ECF No. 6, p. 8).

Petitioner enumerated four separate objections in response to this Report. (ECF No. 9). Each objection is addressed herein.

Objection 1

Petitioner's first objection argues that "the petition properly invokes § 2241 because it challenges the unconstitutional execution of custody." *Id.* at 2. Accordingly, Petitioner avers the Report erred in concluding that Petitioner raises only conditions of confinement

claims and accordingly may not proceed under § 2241. Upon conducting a *de novo* review of Petitioner's filings, the Court overrules this objection. The Fourth Circuit has not issued a published opinion regarding whether a prisoner's claim addressing conditions of confinement may be raised in a habeas petition. *See Farabee v. Clarke*, 967 F.3d 380 (4th Cir. 2020). However, "courts have generally held that a § 1983 suit or *Bivens* action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not." *Braddy v. Wilson*, 580 Fed. App'x 172 (4th Cir. 2014) (affirming dismissal of § 2241 petition with prejudice but without prejudice as to [the petitioner's] right to file a *Bivens* action).

Here, Petitioner is specifically alleging constitutional violations regarding the conditions of her confinement, not the fact or duration of her sentence. Thus, a § 2241 petition is not the appropriate means for bringing these claims. Accordingly, Petitioner's first objection is overruled.

Objection 2

Petitioner's second objection argues that "the Report erroneously concludes that no constitutional claim is stated." (ECF No. 9, p. 3). Petitioner is objecting to the Report's recommendation that this Court decline to construe the petition as a *Bivens* claim because, in addition to not paying the increased filing fee, she has failed to state claims under the Fourth, Fifth, and Eighth Amendments. (ECF No. 6, p. 8). After conducting a *de novo* review of Petitioner's filings, her second objection is overruled.

In objecting to the Report's recommendation that she did not state a claim for a violation of her Fourth Amendment rights, Petitioner argues that the report misapplied *Bell*

5

*v. Wolfish,* 441 U.S. 520, 558 (1979) (holding that requiring prisoners to undergo strip searches, including visual cavity searches, after having contact with visitors was not an unreasonable search in violation of the Fourth Amendment). Petitioner argues that "forced removal of an internal menstrual product without medical necessity, without individualized suspicion, and outside the presence of qualified medical personnel" is materially different than those facts in *Bell.* Further, Petitioner states, without citation to legal authority, that "Courts have repeatedly recognized that forced bodily intrusions implicate heightened Fourth Amendment scrutiny." This Court does not find Petitioner's alleged facts inapposite to the *Bell* case despite her allegations otherwise. While Petitioner is correct that the *Bell* court addressed visual body cavity searches conducted pursuant to an institutional policy and conversely Petitioner is pointing to a particular instance, the *Bell* court's holding is still applicable. Further, while Plaintiff alleges that being directed to remove her menstrual device during her search post vitiation was done without "lawful penological purpose," "medical necessity," "medical justification," "emergency," or consent and outside the presence of qualified medical personnel, these allegations even if true do not lead to the conclusion that the search was done in an unreasonable matter. *See Bell v. Wolfish,* 441 U.S. at 560 ("On occasion a security guard may conduct the search in an abusive fashion. Such abuse cannot be condoned. The searches must be done in a reasonable manner.") (citation modified). Thus, Petitioner's allegations fail to state a claim for a violation of her Fourth Amendment rights.

In objecting to the Report's recommendation that she did not state a claim for violation of her Eighth Amendment rights, Petitioner argues that the Report erred in

6

"characterize[ing] Petitioner's allegations of deliberate indifference as conclusory." (ECF No. 9, pp. 3–4). Petitioner appears to allege a difference of opinion between herself and Psychologist Minson as to whether she needed psychological evaluation and treatment after the incident. She alleges that "[t]he knowing refusal to provide appropriate medical and psychological intervention constitutes deliberate indifference." (ECF No. 1, p. 4). She similarly states in her objections that "[w]hether prison officials acted with deliberate indifference to Petitioner's psychological trauma presents a factual question that cannot be resolved on screening." (ECF No. 9, p. 4). These conclusory statements do not appear to allege more than just Petitioner's disagreement with Psychologist Minson's decision. The petition contains little information about Petitioner's alleged injuries. As accurately discussed at length in the Report, these allegations do not support a claim for a violation of Petitioner's Eighth Amendment rights.

In objecting to the Report's recommendation that she did not state a claim for a violation of her Fifth Amendment rights, Petitioner argues that "[w]hen prison officials prevent access to reporting systems designed to address sexual abuse, they are not merely declining to provide assistance; they are actively foreclosing constitutional redress." *Id.* at 4. Petitioner fails, however, to address the Magistrate Judge's legal reasoning for making her recommendation. As stated in the Report, the Supreme Court has found "[t]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dep't Soc. Servs.,* 489 U.S. 189, 196 (1989). Accordingly, while the Court is sympathetic to Petitioner's

struggles, the allegations raised in her petition do not assert a claim for a violation of her Fifth Amendment rights. Further, as discussed and not objected to by Petitioner, PREA does not confer an individual right to bring suit based on violations. Accordingly, Petitioner's second objection is overruled.

Objection 3 & 4

In Petitioner's third and fourth objections, she argues that dismissal without leave to amend is improper at this stage given the seriousness of the allegations. Further, Petitioner states that "[r]echaracterization concerns about filing fees should not override the strong public policy favoring adjudication of serious constitutional claims on the merits, particularly where allegations involve coercive sexual conduct by federal officers." (ECF No. 9, pp. 4–6). However, this Court declines to simply recharacterize the petition and treat the petition as a *Bivens* claim both for Petitioner's failure to successfully plead a violation of a constitutional right, and the difference in the filing fees. *See e.g. Hewlett v. Goode*, No. 7:20-CV-00494, 2020 WL 6136849, at *3 (W.D. Va. Oct. 19, 2020) ("Further, the court declines to simply reclassify and treat [the petitioner's] petition as a § 1983 action, in large part because of the different filing fees ($5.00 for §2254 versus $350.00 for § 1983) and the collateral consequences associated with filing multiple, frivolous civil rights law suits.")

However, this dismissal is without prejudice and accordingly will not impact Petitioner's ability to pursue her claims in a future *Bivens* action. The court notes however that it has pointed to some deficiencies in Petitioner's alleged constitutional violations.

8

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 6). Consequently, the petition is dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

April 9, 2026                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge